UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HAYWOOD,

        Plaintiff,

v.

        CASE No. 1:19-CV-344

        HON. ROBERT J. JONKER

DANIEL CARR, et al.

        Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 25), Plaintiff's Partial Objection, (ECF No. 26), and Defendants' Corrected Response to Plaintiff's Partial Objection (ECF No. 31). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and the parties' respective responses.

The Magistrate Judge recommends granting, in part, Defendants' Motion for Summary Judgment.  The Magistrate Judge recommends granting the motion with respect to Defendants Daugherty and Carr and denying the motion with respect to Defendant Lehman.  After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

All parties agree that plaintiff did not identify Defendants Daugherty or Carr in his Step I or II grievances, either by name, by general description, or in any other way.  Those documents identified only Defendant Lehman as the subject of the grievance.  Defendants Daugherty and Carr first come up in plaintiff's Step III grievance.  That is too late for proper exhaustion in this case because nothing in the Step I and II grievance process put anyone other than Defendant Lehman on notice.  This is not a situation like *Stevenson* or *Downing* where a plaintiff identified individuals as best he could from the start of the process and supplied a specific name later in the process.  Here, there was never any description or identification of anyone other than Defendant Lehman in the original two steps of the process.  Moreover, there was never a merits-based response to the plaintiff's grievance, so *Reed-Bey* does not apply.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 25) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 13) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Daugherty and Carr are **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust.  Plaintiff's claims against Defendant Lehman shall proceed forward.

Dated:    February 24, 2021             /s/ Robert J. Jonker
                                                           ROBERT J. JONKER
                                                           CHIEF UNITED STATES DISTRICT JUDGE